1   RANDALL B. AIMAN-SMITH #124599
    REED W.L. MARCY #191531
2   HALLIE VON ROCK #233152
    CAREY A. JAMES #269270
3
    aiman-smith marcy
4
    7677 oakport street suite 1020
5   oakland    california   94621
    t:510.562.6800  f:510.562.6830

6   Attorneys for Plaintiff, Karetha Dodd

7

8

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12
    KARETHA DODD,                    )   Case No.:  **3:15-cv-00431-VC**
13                                   )
                                     )
14          Plaintiff,               )   **PLAINTIFF'S NOTICE OF MOTION AND**
                                     )   **MOTION TO REMAND CASE TO THE**
15       v.                          )   **SUPERIOR COURT OF CALIFORNIA, IN AND**
                                     )   **FOR THE COUNTY OF ALAMEDA;**
16                                   )   **MEMORANDUM OF POINTS AND**
    iGATE Technologies Inc., a       )   **AUTHORITIES IN SUPPORT OF PLAINTIFF'S**
17  Pennsylvania Corporation; MUKUND )   **MOTION TO REMAND CASE TO THE**
    SRINATH, an individual, and DOES 1 )  **SUPERIOR COURT OF CALIFORNIA, IN AND**
18  through 200,                     )   **FOR THE COUNTY OF ALAMEDA**
                                     )
19          Defendants.              )
                                     )
20                                   )   **DATE:**        **April 2, 2015**
                                     )   **TIME:**        **10:00 a.m.**
21                                   )   **COURTROOM:**   **4**
                                         **Hon. Vince Chhabria**
22

23

24

25

26

27

28

# TABLE OF CONTENTS

**NOTICE OF MOTION AND MOTION** ...................................................................1

**RELIEF SOUGHT** ...........................................................................................1

**MEMORANDUM OF POINTS AND AUTHORITIES** ..........................................1

1.     **INTRODUCTION.** ...................................................................................1

2.     **RELEVANT FACTS.** .............................................................................1

    A.     Procedural History. ............................................................................1

    B.     Forum Selection Clause. .....................................................................2

3.     **LEGAL ANALYSIS.** ............................................................................3

    A.     iGATE's Contractual Forum Selection Clause Is Valid and Enforceable Through Remand to the State Courts. ..................................3

    B.     Under Settled Ninth Circuit Law, Remand Is Required Here Because iGATE's Forum Selection Clause Mandates Exclusive Jurisdiction and Venue in California State Courts in Alameda County. ...........................4

        i.     *Forum selection clauses that– like iGATE's here – specify a particular county of venue are presumed to be mandatory, requiring remand to state court.* ..................................4

        ii.     *Forum selection clauses that – like iGATE's here – contain language of exclusivity are presumed to be mandatory, requiring remand to state court.* ..................................5

        iii.     *Even if iGATE can point to some ambiguity in the forum selection clause, that ambiguity is construed against iGATE as the drafter of the clause.* ..................................6

    C.     Defendant's Federal Law Counterclaim Cannot Confer Federal Jurisdiction Upon This Case. ...................................................................7

4.     **CONCLUSION.** ...................................................................................8

Table of Contents; Plaintiff's Motion to Remand
*Dodd v. iGATE, et al.*    Case No. 3:15-cv-00431-VC
Page i

# TABLE OF AUTHORITIES

**Cases**

*Abada v. Charles Schwab & Co.*, 300 F.3d 1112 (9th Cir. 2002)..................................7

*Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994)..................................7

*Comerica Bank v. Whitehall Specialties, Inc.*, 352 F.Supp.2d 1077 (C.D. Cal. 2004)..................................3

*Cornus Corp. v. GEAC Enterprise Solutions, Inc.*, No. 08-3030-CL, 2008 U.S. Dist. LEXIS 124386, 2008 WL 4547525, (D. Or. Oct. 10, 2008)..................................6

*Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762 (9th Cir. 1989)..................................4, 5

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992)..................................3

*Global Concierge Holdings v. Charbo*, 2013 U.S. Dist. LEXIS 170437; 2013 WL 6241589 (Central Dist. Cal. 2013; CV 13-5203-RGK)..................................5, 6

*Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75 (9th Cir. 2004)..................................4, 6

*Koresko v. RealNetworks, Inc.*, 291 F.Supp.2d 1157 (E.D. Cal. 2003)..................................5

*Murphy v. Schneider National, Inc.*, 362 F.3d 1133 (9th Cir. 2004)..................................3

*Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273 (9th Cir. 1984)..................................3

*Prestar Fin. Corp. v. Infraegis, Inc.*, No. SACV 09-899 AG (RNBx), 2009 U.S. Dist. LEXIS 97776, 2009 WL 3425348, (C.D. Cal. Oct. 19, 2009)..................................5, 6

*Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083 (9th Cir. 2009)..................................7

*Spradlin v. Lear Siegler Management Services Co.*, 926 F.2d 865 (9th Cir.1991)..................................3

*Vaden v. Discover Bank*, 556 U.S. 49 (2009)..................................7

**Statutes**

18 U.S.C. section 1030..................................7

28 U.S.C. section 1331..................................7

Table of Authorities; Plaintiff's Motion to Remand
*Dodd v. iGATE, et al.*   Case No. 3:15-cv-00431-VC
Page i

## NOTICE OF MOTION AND MOTION

On Thursday, April 2, 2015, at 10:00 a.m., at 450 Golden Gate Avenue, San Francisco, California, in Courtroom 4, on the 17th Floor, before the Honorable Vince Chhabria, plaintiff Karetha Dodd will move the Court for an order remanding this case to the California Superior Court in and for the County of Alameda.

Plaintiff's motion is made pursuant to all applicable substantive and procedural statutes and all applicable case authority. Plaintiff's motion is based upon this motion, the papers filed in support of defendant's removal of this action, the supporting memorandum of points and authorities filed herewith, the declarations and evidence filed herewith, and any further briefing and arguments of counsel as permitted by the Court at the hearing or otherwise.

## RELIEF SOUGHT

Plaintiff seeks an order of this Court remanding this action to the California Superior Court in and for the County of Alameda.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION.

Plaintiff commenced this state employment-law action in the Superior Court for Alameda County. Defendant iGATE removed on the basis of diversity. Plaintiff now moves to remand this action to the Alameda County Superior Court on the ground that the parties executed a forum selection clause requiring that the action be maintained in the California state court in Alameda County.

### 2. RELEVANT FACTS.

#### A. Procedural History.

Plaintiff filed her complaint in the Superior court for Alameda County on September 29, 2014. *See,* Defendant's Removal ("Removal") Exhibit A. That complaint was never served and plaintiff filed her First Amended Complaint ("FAC") on January 15, 2015. *Id.* The FAC sets forth exclusive California state law claims. *Id.* Defendant iGATE removed on the basis of diversity of citizenship on January 30, 2015.

Plaintiff's Notice of Motion and Motion to Remand Case to California Sup. Ct., for Alameda County
*Dodd v. iGATE, et al.*    Case No. 3:15-cv-00431-VC
Page 1

1    B.    Forum Selection Clause.

2        In 2012, the parties executed an Employment Agreement. *See*, Declaration of Karetha

3    Dodd ("Dodd dec.") ¶ 3, Ex. "A." Defendant iGATE concedes this, and has attached a copy of

4    the Employment Agreement to its own Removal papers. iGATE drafted the Employment

5    Agreement, proffered it to plaintiff, and required her to execute it as a condition of her

6    employment. *See*, Dodd dec. ¶ 4.

7        Paragraph 9 of the Employment Agreement reads as follows:

8    CHOICE OF LAW. JURISDICTION AND VENUE. The parties agree that this
     Agreement shall be deemed to have been made and entered into in Alameda County,
9    California and that the law of the Commonwealth of California shall govern this
10   Agreement, without regard to conflict of laws principles.

11
     Jurisdiction and venue is exclusively limited in any proceeding by the Company or
12   Employee to enforce their rights hereunder to any court or arbitrator geographically
     located in Alameda County, California.
13

14   The Employee hereby waives any objections to the jurisdiction and venue of the courts
15   in or for Alameda County, California, including any objection to personal jurisdiction,
     venue, and/or forum non-convenient, in any proceeding by the Company to enforce its
16   rights hereunder filed in or for Alameda County, California. Employee agrees not to
17   object to any petition filed by the Company to remove an action filed by Employee from
     a forum or court not located in Alameda County, California.
18   (Spacing between sentences added for clarity.) Dodd dec. ¶ 3, Ex. A, ¶ 9.
19

20
21       In this motion, plaintiff contends that this forum selection clause mandates remand of

22   this case to the state court in Alameda County.[1]

23   //

24   //

25   //

26   //

27   _____

28   [1] At the time iGATE prepared and proffered the Employment Agreement to plaintiff, iGATE's
     principal place of business was in fact in Alameda County, California. Dodd dec. ¶ 5.

**Plaintiff's Notice of Motion and Motion to Remand Case to California Sup. Ct., for Alameda County**
*Dodd v. iGATE, et al.*    Case No. 3:15-cv-00431-VC
Page 2

### 3. LEGAL ANALYSIS.

A. <u>iGATE's Contractual Forum Selection Clause Is Valid and Enforceable Through Remand to the State Courts.</u>

In the Ninth Circuit, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal was proper. *Id.* Here, the forum selection clause, drafted by iGATE, required litigation of this case in the state court in Alameda County and, accordingly, iGATE's removal to this Court was improper and remand is required.

Forum selection clauses enjoy strong presumptions of validity and enforceability. *See, Spradlin v. Lear Siegler Management Services Co.*, 926 F.2d 865, 868 (9th Cir.1991) (regarding validity) and *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (regarding enforceability).[2] Further, where, as with iGATE's clause here, "a forum selection clause is part of a contract, it is prima facie valid and should be enforced … ." *Comerica Bank v. Whitehall Specialties, Inc.*, 352 F.Supp.2d 1077, 1080 (C.D. Cal. 2004).

Where the forum selection clause requires litigation in the state court, the appropriate means of enforcing that clause is to order remand. *See, Pelleport*, 741 F.2d at 280. In *Pelleport*, the Ninth Circuit affirmed the district court's remand of an action to state court on grounds that a valid and enforceable forum selection clause governed, holding: "The enforcement of a forum selection clause is a proper basis for remanding a removed case to state court." *See also, Comerica Bank v. Whitehall Specialties, Inc.*, 352 F.Supp.2d 1077, 1079-80 (C.D. Cal. 2004) (concluding that "A [federal district] court has inherent authority to remand an action to state court to enforce a forum selection agreement.")

/ / /

---

[2] The only exception to this rule is where the forum selection clause is procured by fraud or undue influence, or where litigation in the selected forum "would be so gravely difficult and inconvenient that [the party] will for all practical purposes be deprived of his day in court." *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 275, 280 (9th Cir. 1984). iGATE cannot rationally argue any of these exceptions.

Plaintiff's Notice of Motion and Motion to Remand Case to California Sup. Ct., for Alameda County
*Dodd v. iGATE, et al.*     Case No. 3:15-cv-00431-VC
Page 3

**B.** **Under Settled Ninth Circuit Law, Remand Is Required Here Because iGATE's Forum Selection Clause Mandates Excusive Jurisdiction and Venue in California State Courts in Alameda County.**

In the Ninth Circuit, interpretation and enforcement of a forum selection clause begins with the question whether the clause is mandatory or permissive. *See, e.g., Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75 (9th Cir. 2004) (concluding that language was permissive only); *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762 (9th Cir. 1989) (concluding that language was mandatory). Where the language of the forum selection clause is mandatory, then remand is required. *See, Docksider*, 875 F.2d at 764.

Courts have considered two elements (both present in iGATE's forum selection clause here) as showing that a forum selection clause is mandatory and requires remand: 1) agreements to venue in a specific county (as opposed to jurisdiction only), because venue necessarily denotes the specific place of suit; and 2) language of exclusivity, such as the terms "exclusive," "only," and "shall."

  *i.*   *Forum selection clauses that– like iGATE's here – specify a particular county of venue are presumed to be mandatory, requiring remand to state court.*

In *Docksider,* the forum selection clause provided:

"Licensee hereby agrees and consents to the jurisdiction of the courts of the State of Virginia. Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." *Docksider*, 875 F.2d at 764.

The *Docksider* court, analyzing other cases, found the venue provision rendered the forum clause mandatory and that case was, therefore, not properly in the federal court:[3]

"The prevailing rule is clear from these and other cases that where venue is specified with mandatory language the clause will be enforced. When only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive. …
This mandatory language makes clear that venue, the place of suit, lies exclusively in the designated county." *Id.* at 764.

---

[3] In *Docksider,* the case was originally filed in the federal court and thus was dismissed, rather than remanded, based on the forum selection clause – a distinction with no difference here. *Id.* at 762.

Plaintiff's Notice of Motion and Motion to Remand Case to California Sup. Ct., for Alameda County
*Dodd v. iGATE, et al.*   Case No. 3:15-cv-00431-VC
Page 4

More recently, the Central District remanded a case based on a forum selection clause and again relied heavily on language regarding venue. In *Global Concierge Holdings v. Charbo*, 2013 U.S. Dist. LEXIS 170437; 2013 WL 6241589 (Central Dist. Cal. 2013; CV 13-5203-RGK) the Central District, applying *Docksider* and remanding the case, noted that:

> "The distinction between specifying jurisdiction and venue in forum selection clauses is often important … where venue is specified in a forum selection clause with mandatory or obligatory language, the clause will be enforced, while where only jurisdiction is specified, the clause will generally not be enforced without some further language indicating the parties' intent to make venue exclusive" (analyzing cases). *Id.* at 7.

Thus, Ninth Circuit precedent is clear that where a forum selection clause provides for venue in a specific county, the clause is mandatory and remand is the required remedy.

Here, iGATE's forum selection clause provides for specific venue in Alameda County: "Jurisdiction and *venue is exclusively limited … to any court* or arbitrator geographically *located in Alameda County*, California." (Emphasis added.) iGATE's forum selection clause is, therefore, mandatory and, under the cited authorities, must be remanded to Alameda County.

      ii.    *Forum selection clauses that – like iGATE's here – contain language of exclusivity are presumed to be mandatory, requiring remand to state court.*

In addition to language regarding venue, courts also look to language of exclusivity in the forum selection clause to determine whether the clause is mandatory or permissive. Where the clause uses terms such as "exclusive" and "only" the clause is mandatory and will be enforced by remand. Thus, in *Global Concierge Holdings v. Charbo, supra*, the District Court found: "Because this clause mandates that the designated court - the courts of the State of California - have 'exclusive' jurisdiction, the clause is mandatory in nature." *Id.* at 7.

In so holding, the *Global Concierge* Court noted that it was not alone in its thinking, and cited numerous other cases, including: *Koresko v. RealNetworks, Inc.*, 291 F.Supp.2d 1157, 1162 (E.D. Cal. 2003) ("[T]he [forum selection] clause expressly states that the Washington courts have 'exclusive jurisdiction' over the case. This language is not permissive, it excludes the party from suing elsewhere"); *Prestar Fin. Corp. v. Infraegis, Inc.*,

Plaintiff's Notice of Motion and Motion to Remand Case to California Sup. Ct., for Alameda County
*Dodd v. iGATE, et al.*    Case No. 3:15-cv-00431-VC
Page 5

No. SACV 09-899 AG (RNBx), 2009 U.S. Dist. LEXIS 97776, 2009 WL 3425348, (C.D. Cal. Oct. 19, 2009) ("The clause states in plain language that "the exclusive venue and jurisdiction for any disputes, actions or conflicts with respect to this Agreement shall be the courts of the State of Illinois. The parties' use of the words 'exclusive' and 'shall' shows the parties' intent to make the forum selection clause mandatory rather than permissive'"); *Cornus Corp. v. GEAC Enterprise Solutions, Inc.*, No. 08-3030-CL, 2008 U.S. Dist. LEXIS 124386, 2008 WL 4547525, (D. Or. Oct. 10, 2008) (recommending remand on the basis that the parties agree by contract that "the parties submit to the exclusive jurisdiction of the Courts of the State of Oregon.")

Here, iGATE's forum selection clause contains mandatory language of exclusivity: "Jurisdiction and venue is *exclusively limited* . . . to any court or arbitrator geographically located in Alameda County, California. (Emphasis added.) Thus, here, both jurisdiction and venue are exclusively limited to Alameda County. Under all the cited authorities, the forum selection clause here is mandatory, it requires litigation in the state courts in Alameda County and, accordingly, this action should be remanded as requested by plaintiff.[4]

> *iii.    Even if iGATE can point to some ambiguity in the forum selection clause, that ambiguity is construed against iGATE as the drafter of the clause.*

Although iGATE's forum selection clause is clear on its face, even if iGATE could argue some ambiguity in it, the Ninth Circuit has specifically held that an ambiguous forum selection clause must be interpreted against the drafter:   "Although we are of the opinion that the language is not ambiguous, we would reach the same result if it were ambiguous.  Another fundamental rule of contract interpretation is that where language is ambiguous the court should construe the language against the drafter of the contract." *Hunt Wesson*, 817 F.2d at 78.

/ / /

---

[4] Compare *Hunt Wesson*, where the forum selection clause provided:  "The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract." *Id.* at 75. The *Hunt Wesson* court explained that while this language permits jurisdiction in Orange County courts, this language does not preclude jurisdiction in some other court, such as the federal court.  Accordingly the clause was permissive and the Court refused to order remand. *Id.* at 78.

Plaintiff's Notice of Motion and Motion to Remand Case to California Sup. Ct., for Alameda County
*Dodd v. iGATE, et al.*    Case No. 3:15-cv-00431-VC
Page 6

Accordingly, even if iGATE can point to some tortured or ambiguous reading of the forum selection clause, any such ambiguity must be construed against iGATE as the drafter of the clause.

### C. Defendant's Federal Law Counterclaim Cannot Confer Federal Jurisdiction Upon This Case.

iGATE's counterclaim, filed after removal, asserts that plaintiff violated the Computer Fraud and Abuse Act, 18 U.S.C. section 1030 and subparts ("CFAA"). In response to this motion to remand, defendant may argue that its counterclaim raises a federal question that confers jurisdiction under 28 U.S.C. section 1331. Such an argument would be wrong.

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule" which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See, Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1090-1091 (9th Cir. 2009). Thus, "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed." *Abada v. Charles Schwab & Co.,* 300 F.3d 1112, 1117 (9th Cir. 2002). Defenses and counterclaims cannot provide a sufficient basis to remove an action to federal court. *See, Vaden v. Discover Bank,* 556 U.S. 49, 60 (2009); *Berg v. Leason,* 32 F.3d 422, 426 (9th Cir. 1994).

Here, plaintiff's complaint is based exclusively on California state law, there is no basis for federal question jurisdiction in her complaint and, under the cited cases, the assertion of a federal question in iGATE's counterclaim cannot confer federal jurisdiction over this case.

Thus, since removal was improper in the first instance in light of the forum selection clause, the case must be remanded to the state court regardless of defendant's later-filed counterclaim raising a federal question.

///
///
///
///

**Plaintiff's Notice of Motion and Motion to Remand Case to California Sup. Ct., for Alameda County**
*Dodd v. iGATE, et al.*     Case No. 3:15-cv-00431-VC
Page 7

**4. CONCLUSION.**

As is readily apparent, the forum selection clause, drafted by iGATE, provides for exclusive jurisdiction and venue of this action in Alameda County. For all the reasons cited herein, and under binding Ninth Circuit precedent, this case should be remanded to the California Superior Court, in and for the County of Alameda.

Respectfully submitted,

Date: February 23, 2015

/s/ Randall B. Aiman-Smith

Randall B. Aiman-Smith
Aiman-Smith & Marcy
Attorneys for Plaintiff
Karetha Dodd

Plaintiff's Notice of Motion and Motion to Remand Case to California Sup. Ct., for Alameda County
*Dodd v. iGATE, et al.*    Case No. 3:15-cv-00431-VC
Page 8

# PROOF OF SERVICE

I hereby certify that on this date, the foregoing:

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND CASE TO THE SUPERIOR COURT OF CALIFORNIA, IN AND FOR THE COUNTY OF ALAMEDA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND CASE TO THE SUPERIOR COURT OF CALIFORNIA, IN AND FOR THE COUNTY OF ALAMEDA**

was filed electronically with the Clerk of the court to be served by operation of the Court's ECF/PACER electronic filing system to all counsel of record. Parties may access documents through the Court's system.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: February 23, 2015

/s/ Norma Dale
_____
Norma Dale