1  MICHAEL C. HALLERUD, State Bar No. 68971
   hallerud@nixonpeabody.com
2  BONNIE GLATZER, State Bar No. 147804
   bglatzer@nixonpeabody.com
3  NIXON PEABODY LLP
   One Embarcadero Center, 18th Floor
4  San Francisco, California 94111-3600
   Telephone:  (415) 984-8200
5  Facsimile:  (415) 984-8300

6  Attorneys for Defendant and Counterclaimant
   IGATE TECHNOLOGIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARETHA DODD,<br><br>                    Plaintiff,<br><br>     v.<br><br>IGATE TECHNOLOGIES, INC., a Pennsylvania corporation; MUKUND SRINATH, an individual; and DOES 1 through 200,<br><br>                    Defendants. | Case No. 3:15-cv-00431-VC<br><br>Hearing Date:  April 2, 2015<br>Time:               10:00 a.m.<br><br>**IGATE TECHNOLOGIES, INC.'S NOTICE OF MOTION AND FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| IGATE TECHNOLOGIES, INC.,<br><br>                    Counterclaimant,<br><br>     v.<br><br>KARETHA DODD,<br><br>                    Counter-Defendant. | |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that at 10:00 a.m. on April 2, 2015, before the Honorable Vince Chhabria in Courtroom 4, 17th Floor, of the United States District Court located at 450 Golden Gate Avenue, San Francisco, California, Defendant IGATE Technologies, Inc. ("IGATE") will and hereby does move for summary judgment of the Second, Third, and Fourth Causes of Action of the First Amended Complaint for Damages ("FAC") of Plaintiff Karetha Dodd ("Dodd").

Dodd's Second, Third, and Fourth Causes of Action are pled as arising under California law. Each of Dodd's Second, Third, and Fourth Causes of Action arise from an alleged sexual assault that occurred, if at all, on September 25, 2012. Because Dodd's lawsuit was commenced in Alameda County Superior Court on September 29, 2014, each of Dodd's claims is barred by the 2-year statute of limitations established by section 335.1 of the California Code of Civil Procedure. Accordingly, IGATE moves for summary judgment of these claims for relief.

IGATE's motion is brought pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rules 7-2, 7-3, 56-1, and 56-2. The motion is supported by the formal legal argument below and by the Declaration of Venkat Vijayaragavan filed concurrently herewith.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Statement of Facts**

Dodd was employed by IGATE as its Vice President-Head of Legal (Americas) until her resignation in 2013, which Dodd characterizes as a constructive discharge. [FAC ¶¶ 7-9, 29, 45]

Dodd, while employed by IGATE in Alameda County, California, embarked on a business trip to India in September 2012. [FAC ¶¶ 4, 22] Dodd alleges that on the last day of the trip she was sexually assaulted by her supervisor Mukund Srinath. [FAC ¶¶ 8, 22-29] Dodd does not allege the date of the sexual assault.

Although originally ticketed to return to California from this trip on September 29, 2012, Dodd revised her itinerary to depart from Mumbai for California, via London Heathrow and Chicago O'Hare airports, on British Airways Flight No. 138, departing Mumbai at 2:35 a.m. Indian Standard Time ("IST") on September 26, 2012. [Declaration of Venkat Vijayaragavan ("Vijayaragavan

Decl.") ¶¶ 4–5 & Exs. B–C]  Dodd's September 26, 2012, receipts for an upgrade of her cabin class on Flight No. 138 and for a refreshment at 9:41 a.m. British Summer Time[1] at London Heathrow before her Heathrow–O'Hare travel leg confirm that Dodd did in fact depart Mumbai on September 26, 2012.  [Vijayaragavan Decl. ¶¶ 3, 6 & Exs. A, D]

Dodd alleges, and logic confirms, that the sexual assault occurred, if at all, prior to her pre-flight dinner and therefore prior to her departure for the Mumbai airport for a flight scheduled to depart at 2:35 a.m. IST on September 26, 2012.  [FAC ¶¶ 23, 28]

Because India was operating on IST (not daylight time)[2] and California was operating on Pacific Daylight Time ("PDT") in September 2012,[3] IST was 12.5 hours ahead of PDT on September 26, 2012.[4]  Therefore, 2:35 a.m. IST in Mumbai on September 26, 2012, was 2:05 p.m. PDT in California on **September 25, 2012**.  The alleged Mumbai sexual assault therefore occurred, if at all, on **September 25, 2012—California time**.[5]

Dodd's Second, Third, and Fourth claims for relief, while incorporating all preceding paragraphs of the FAC, clearly arise out of the alleged incident in Mumbai on September 25, 2012.  [FAC ¶¶ 62–76]  The FAC does not allege any other sexual assault, assault, or battery before or after the alleged Mumbai incident on September 25, 2012.

Dodd commenced this action on September 29, 2014, when she filed her Complaint for Damages in the Superior Court of California for the County of Alameda.

---

[1] England observed British Summer Time ("BST") in September 2012.  BST is Greenwich Mean Time ("GMT") plus one hour.  [http://www.rmg.co.uk/explore/astronomy-and-time/time-facts/british-summer-time].

[2] http://en.wikipedia.org/wiki/Daylight_saving_time_in_Asia#India

[3] http://www.timeanddate.com/time/dst/2012.html

[4] http://blog.authenticjourneys.info/2012/11/how-india-us-scheduling-is-impacted-by.html

[5] Ironically, even if Dodd had departed Mumbai as originally scheduled on British Airways Flight No. 138 on September 29, 2012, her Second, Third, and Fourth claims for relief would still have been untimely under section 335.1.  This is because the alleged sexual assault would have occurred, if at all, prior to 2:35 a.m. IST on September 29, 2012, which is 2:05 p.m. PDT on **September 28, 2012**—still more than 2 years before the instant action was filed.

-2-

IGATE TECHNOLOGIES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 3:15-cv-00431-VC

**Summary Judgment**

A party is entitled to summary judgment of any claim if there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); Fed. R. Civ. P. 56(a). IGATE is entitled to summary judgment of Dodd's Second (Sexual Assault), Third (Assault), and Fourth (Battery) claims for relief if there is no genuine dispute of the material fact that these claims accrued prior to September 29, 2012, and are therefore outside the applicable 2-year limitations period established by section 335.1 of the California Code of Civil Procedure. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986) (movant's demonstration with admissible evidence of a defense or missing claim element results in summary judgment).

**Argument**

The California Code of Civil Procedure establishes a general personal injury tort statute of limitations governing Dodd's California tort claims. Section 335.1 provides that an "action for assault, battery, or injury to . . . an individual caused by the wrongful act . . . of another" must be brought within two years of the accrual of the claim. Code Civ. P. § 335.1. Dodd's Second, Third, and Fourth claims for relief allege just such "assault, battery, or injury." Indeed, each claim is even titled "assault" or "battery." Because the Second, Third, and Fourth claims for relief accrued no later than September 25, 2012—more than two years before the FAC was filed on September 29, 2014, they are time-barred and subject to IGATE's Third Affirmative Defense in IGATE Technologies, Inc.'s Answer to First Amended Complaint and Counterclaim.

DATED: February 25, 2015                                    NIXON PEABODY LLP


By:  /s/  Michael C. Hallerud
    Michael C. Hallerud
    Bonnie Glatzer
    Attorneys for Defendant/Counterclaimant
    IGATE TECHNOLOGIES, INC.

4817-6628-4834.3

-3-

IGATE TECHNOLOGIES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 3:15-cv-00431-VC